UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EUCLIDES CARBONELL, JR.,**

      **Claimant,**

v.                                                                                     **Case No: 6:19-cv-0084-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Euclides Carbonell, Jr. (Claimant) appeals the Commissioner of Social Security's final decision denying her application for a period of disability and Disability Insurance Benefits. Doc. 1; R. 15. Claimant argues that the "conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." Doc. 1. Claimant requests that the final disability decision should be reversed and remanded for further proceedings consistent with the proper requirements of the Commissioner's disability determination process. Doc. 21 at 41.

For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

    **I.**    **Procedural History**

This case stems from Claimant's application for a period of disability and disability insurance benefits. R. 15. Claimant alleged a disability onset date of May 1, 2014. *Id.* The claims were denied initially and upon reconsideration. *Id.* A hearing was conducted and on August 11,

2017, and the ALJ issued an unfavorable decision. R. 15, 33. On November 29, 2018, the Appeals Council denied the request for review. R. 1.

## II. The ALJ's Decision

In the decision, the ALJ found that Claimant has the following severe impairments: degenerative disc disease of the lumbar spine, hypertension, obstructive sleep apnea, depression, anxiety, attention deficient hyperactivity disorder, bipolar disorder, posttraumatic stress disorder, and mild intellectual impairment. R. 18. The ALJ further found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 20.

The ALJ found that Claimant had the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c) except he can understand, remember, and carry out simple routine repetitive tasks and is limited to simple work-related decisions. R. 20. The ALJ concluded that Claimant is capable of performing past relevant work as a factory cleaner. R. 32. Ultimately, the ALJ found that "claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2014, through the date of this decision (20 CFR 404.1520(f))." R. 33.

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole,

taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV. Discussion**

First, Claimant argues that the opinions of Dr. Concepcion Barreto, M.D., a treating psychiatrist, were not weighed by the ALJ. Instead, Claimant asserts that the ALJ misattributed the opinions of Dr. Barreto to Dr. Vivian Charneco, M.D., another treating psychiatrist at the same practice. Doc. 21 at 17.[1] Second, Claimant argues that the ALJ committed reversible error because he did not assign weight to any of the opinions of Dr. Charneco (neither those misattributed to him or his actual opinions). *Id*. at 20. In response, the Commissioner asserts that even though Claimant is correct that the ALJ misattributed Dr. Barreto's opinions to Dr. Charneco, the error was harmless because the ALJ appropriately gave those opinions "no weight" regardless of their author. Doc. 21 at 31.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. The ALJ is responsible for

---

[1] Claimant's "Issue A" in the Joint Brief is a list of four sub-issues strung together in a single, confusing sentence. This is not an ideal briefing practice. Regardless, because the Court finds reversal appropriate on the basis of the first two sub-issues of "Issue A," the Court will not discuss any of the further sub-issues or "Issue B."

determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

Testimony or opinions from a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). Thus, ordinarily, an ALJ's failure to explain the particular weight given to medical opinions results in reversible error. *Tillman v. Comm'r of Soc. Sec.*, 559 Fed. Appx. 975, 975 (11th Cir. 2014) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). However, when an ALJ's error does not affect the ALJ's ultimate findings, the error is harmless and the ALJ's decision will stand. *Tillman, supra*, at 975 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ's failure to assign weight to two doctors who treated plaintiff during his hospitalization harmless error)).

In making the RFC determination, the ALJ included a lengthy description of Claimant's medical record, which included several descriptions of Claimant's treatment history with Dr. Charneco. However, when considering Dr. Charneco's opinions, the ALJ only provided following:

> Dr. Charneco indicated on several occasions that the claimant had significant mental limitations and/or unfit to work (Exhibit 15F, 20F). These opinions on

> issues of whether the claimant is "totally disabled" or "unable to work" are reserved to the Commissioner since they are administrative findings that are dispositive of a case. (20 CFR 404.1527(d)(1)). The claimant has not required inpatient psychiatric hospitalizations for any extended time periods. His treatment has been conservative and nonaggressive. Dr. Charneco's progress notes show his estimated intelligence was average (Exhibit 22F/2, 9), which is inconsistent with the I.Q. testing by Dr. Santos (Exhibit 23F). Progress notes also show his speech fluent with full range affect. He was oriented to time, person and place and his perceptions were clear (Exhibits 6F/2, 4, and 6). His capacity to perform activities of daily living were good. He was eating and sleeping well. His mood was stable and his memory was intact (Exhibit 22F/9). These findings are inconsistent with the consultative evaluation with Dr. Clements (Exhibit 27F) and therefore, the opinion of Dr. Clements is accorded little weight.

R. 32.

Looking to the actual record, it appears that Claimant treated at Mindful Behavioral Healthcare with several practitioners, including Drs. Barreto and Charneco. Those treating physicians prepared several relevant opinions. On September 11, 2015, Dr. Charneco completed a Medical Source Statement of Ability to do Work-Related Activities (Mental). R. 501-02 (Ex. 15F). In that opinion, Dr. Charneco indicated, among other things, that Claimant had a "poor" ability to perform most of the relevant work-related mental activities on the form. *Id.* This is the only opinion of Dr. Charneco actually identified by the ALJ during the ALJ's consideration of Dr. Charneco's opinions. *See* R. 32. The opinions of Dr. Charneco were not ones reserved to the Commissioner, but were opinions concerning Claimant's ability to perform several work-related activities.

On February 25, 2016, Dr. Barreto examined Claimant and, in the examination notes, provided mental health diagnoses and concluded, "This patient is unfit to work due to all of his mental and physical diagnosis." R. 527 (Ex. 20F). On March 1, 2016, Dr. Barreto drafted a letter that again provided several mental health diagnoses for Claimant and again concluded, "This patient is unfit to work due to all of his mental and physical diagnosis." R. 525 (Ex. 20F). Dr.

Barreto's February 25, 2016 and March 1, 2016 opinions are the opinions that the ALJ misattributed to Dr. Charneco. *See* R. 32 ("Dr. Charneco indicated on several occasions that the claimant had significant mental limitations and/or unfit to work (Exhibit 15F; 20F).").

In fact, on February 25, 2016, Dr. Charneco also examined Claimant and, in the examination notes, also provided mental health diagnoses and concluded, "This patient is unfit to work due to all of his mental and physical diagnosis." R. 527 (Ex. 22F). While the ALJ cited to Dr. Charneco's February 25, 2016 treatment notes during his discussion of Dr. Charneco's opinions for the proposition that Claimant's "estimated intelligence was average," the ALJ did not cite to the "unfit to work" opinion actually authored by Dr. Charneco. *See* R. 32.

The Court finds that the ALJ failed to assign weight to Dr. Barreto's opinion much less mention the physician by name. Further, the ALJ did not assign weight to Dr. Charneco's opinions. While the ALJ rejected Dr. Charneco's opinions (which included a citation to an exhibit containing Dr. Barreto's record, i.e. Ex. 20F) because of the "unfit to work" finding, the ALJ's decision does not actually state that the opinions are entitled to "no weight" as argued by the Commissioner. *Compare* R. 32 *with* Doc. 21 at 31. In other words, there is no mention of "weight" at all with respect to either treating physician and, thus, no explanation as to why a particular weight was assigned to the opinions of the treating physicians at issue here.

To this point, Claimant adds convincingly that "while the ALJ may have had good cause for rejecting Dr. Barreto's opinion, the ALJ nonetheless failed to recognize that a second treating psychiatrist, Dr. Barreto, had determined [Claimant] is unable to work and misattributed Dr. Barreto's opinion to Dr. Charneco." *Id*. at 19. As such, Claimant contends that it remains conjecture as to whether the ALJ would have determined the RFC differently had he been aware of Dr. Barreto's additional opinion supporting a determination of disability. *Id*. at 20, citing

*Winschel*, 631 F.3d 1176, 1179 (11th Cir. 2011)[2]; *see also* Doc. 21 at 21 (citing *Roberts v. Berryhill*, Case No: 8:17-cv-1870-T-30TGW, at *11 (M.D. Fla. Aug. 29, 2018)).[3]

The Commissioner concedes the misattribution but characterizes any error here as harmless because the opinions at issue involved determinations of disability that are reserved to the Commissioner. That argument is somewhat persuasive, at least as to Dr. Barreto's February 25, 2016 opinion. However, even if that were the ALJ's only error (and it is not), Circuit panel recently reversed a similar finding of harmlessness by this Court. In *Bailey v. Comm'r of Soc. Sec*, Case No. 6:17-cv-1841-DCI (M.D. Fla. Jan. 31, 2020), the claimant argued that the ALJ committed reversible error by failing to mention or assign weight to a physician's handwritten note. The court found that "where the ALJ made no mention of [the physician's] opinion that [the claimant] was unable to work and failed to specify the weight given to that opinion, [the court] cannot 'determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Bailey v. Comm'r of Soc. Sec.*, 2020 WL 504858, at *3 (11th Cir. 2020). Notably, the court reasoned as follows:

> We also recognize that the final determination about whether a claimant is "unable to work" is one that is reserved to the Commissioner: a physician's opinion that a person is "unable to work" is thus not determinative and is entitled to no "special significance." See 20 C.F.R. § 404.1527(d). We stress, however, that the ALJ must consider all the claimed expert, medical opinions in the record and must specify the

---

[2] Claimant cites to *Winschel* for the proposition that the ALJ's failure to weigh, let alone mention, a medical opinion cannot be excused simply because some rationale might have supported the ALJ's decision. Doc. 21 at 20.

[3] In *Roberts*, the court found that the defendant was correct that the question of whether the plaintiff is disabled is a matter reserved to the Commissioner, but the ALJ is required to consider the opinion even though the ALJ is not permitted to give the opinion controlling weight. 2018 U.S. Dist. LEXIS 157382 (Aug. 29, 2018), *adopted by* 2018 U.S. Dist. LEXIS 156722, at *1 (M.D. Fla. Sept. 14. 2018) (citing *Lawton v. Comm'r of Soc. Sec.*, 431 Fed.Appx. 830, 835 (11th Cir. 2011). The court in *Roberts* concluded that "the law judge's failure to evaluate Dr. Cozzalino's opinion cannot be excused on the ground that the opinions were on matters reserved to the Commissioner." 2018 U.S. Dist. LEXIS 157382 at *11.

weight -- including no weight, if applicable -- given to each purported medical opinion and the reasons therefor. *See id*. at §§ 404.1520(e), 404.1527(c); *Winschel*, 631 F.3d at 1179; *see also Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) ("[T]he ALJ has a basic obligation to develop a full and fair record."). We have said that failure to articulate clearly the reasons for giving less weight to the opinion of a treating physician constitutes reversible error. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

*Bailey*, 2020 WL 504858, at *3. As in *Bailey*, the ALJ's failure to mention or assign weight to Dr. Barreto's opinions and failure to assign weight to Dr. Charneco's opinions is reversible error even if the opinions at issue were reserved to the Commissioner.

But even if the Court should not follow the reasoning of *Bailey*, reversal is still warranted. The opinion of Dr. Charneco (as opposed to Dr. Barreto) to which the ALJ actually cited in his discussion of Dr. Charneco's opinions is the September 11, 2015, Medical Source Statement of Ability to do Work-Related Activities (Mental). R. 31 (citing Ex. 15F (R. 501-02)). There, Dr. Charneco opined, among other things, that Claimant had a "poor" ability to perform most of the relevant work-related mental activities on the form. *Id*. Thus, those opinions by Dr. Charneco were not ones reserved to the Commissioner, but were opinions concerning Claimant's ability to perform several, specific work-related activities. As such, the ALJ erred by discounting this opinion as one reserved to the Commissioner.[4] And while the ALJ's includes a few sentences in

---

[4] The Court notes that the ALJ's misattribution of Dr. Barreto's opinion to Dr. Charneco at the beginning of the relevant paragraph of the decision creates gaping ambiguities as to what the ALJ is actually discussing in the paragraph. It appears that the parties may believe that the error was in not mentioning Dr. Barreto's name *and* citing to the wrong opinion of Dr. Charneco. The second sentence of the paragraph of the ALJ's decision referencing "[t]hese opinions" on issues of Claimant being "totally disabled" is some support to such an interpretation. Yet the Court disagrees. The Court believes that the error is only in citing to Ex. 20F (Dr. Barreto's "unfit to work" opinion) instead of Ex. 22F (Dr. Charneco's "unfit to work" opinion), but that the citation to Ex. 15F (Dr. Charneco's "poor" opinion) was intentional. This is supported by the ALJ's reference that Claimant "had significant mental limitations and/or unfit to work (Exhibit 15F; 20F)" – Ex.15F concerns those significant mental limitations (i.e. Dr. Charneco's "poor" opinion) and Ex. 20F concerns the "unfit to work" opinion (regardless of the misattribution). Perhaps this does not matter, because it is without question that the ALJ failed to assign a specific weight to

this section of his decision that may possibly have been directed to Dr. Charneco's opinions that Claimant had a "poor" ability to perform several work-related activities, the ALJ did not state as much, and the Court will not reweigh the evidence or rely upon the Commissioner's post hoc explanations concerning the ALJ's intent or the evidence supporting that intent. The crux of the issue is that the ALJ did not assign weight to any of Dr. Charneco's opinions, and that failure warrants a determination in Claimant's favor.[5]

Since this issue is dispositive, the undersigned finds that there is no need to address Claimant's remaining arguments. *See Diorio*, 721 F.2d at 729 (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

V.     **Conclusion**

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED**;

---

the treating physicians' opinions, and that should end the matter. And perhaps the ambiguity itself renders the ALJ's decision not amenable to meaningful review. However, the Court believes it is worth parsing the opinions not only because the error is clear in failing to weigh an opinion concerning functional limitations on work-related activities (i.e. Dr. Charneco's "poor" opinion), but also to attempt to clarify what was and was not weighed by the ALJ.

[5] It seems that the ALJ's decision might also include another drafting error. At the conclusion of the discussion of Dr. Charneco's opinion, the ALJ states: "These findings are also inconsistent with the consultative examination with Dr. Clements (Exhibit 27F) and therefore, the opinion of Dr. Clements is accorded little weight." R. 32. The "little weight" assignment might be meant for Dr. Charneco and not Dr. Clements. Indeed, the Commissioner states in the brief that "the ALJ properly gave little weight to the opinion from Dr. Charneco. (Tr. 32)." Doc. 21 at 31. Claimant, however, apparently does not view it as a typo because he argues separately that the "little weight" assignment to Dr. Clements is not supported by substantial weight. The ALJ may have intended to assign "little weight" to Dr. Charneco's opinions but the error – if it is one – is not clear enough for the Court to assume it is an error. In any event, reversal is still appropriate because the ALJ also failed to mention and weigh Dr. Barreto's opinions.

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 3, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
The Court Requests that the Clerk
Mail or Deliver Copies of this order to:
The Honorable Julio Ocampo
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA Oho Hearing Offc
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801